

# THE ATTORNEY GENERAL
## OF TEXAS

October 10, 1989

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Gary W. Rholes
Shelby County Attorney
104 Church Street
Center, Texas 75935

Opinion No. JM-1108

Re: Whether a county that has closed a public hospital may change its eligibility standards for indigent health care applicants (RQ-1669)

Dear Mr. Rholes:

You ask the following question about the Indigent Health Care and Treatment Act:

> Can a county that has closed a public hospital avail itself of Section 13.02 of the Indigent Health Care and Treatment Act to change its eligibility standards for applicants for indigent health care?

Under the Indigent Health Care and Treatment Act, Health & Safety Code ch. 61,[1] a public hospital must provide certain health care services to eligible residents of the area the public hospital has a legal obligation to serve. A county hospital is a public hospital.[2] Therefore, a county

---

1. The Indigent Health Care and Treatment Act was previously codified as article 4438f, V.T.C.S. It has now been recodified as chapter 61 of the Health and Safety Code. Acts 1989, 71st Leg., ch. 678, § 1, at 2292.

2. The act defines "public hospital" as "a hospital owned, operated, or leased by a governmental entity." Health & Safety Code § 61.002(11); see also Acts 1989, 71st Leg., ch. 500, § 1, at 1685 (amending definition of "public hospital"). A "governmental entity" includes "a county, municipality, or other political subdivision of the state, but does not include a hospital district or hospital authority." Health & Safety Code § 61.002(7).

that has a public hospital is subject to the provisions of the act governing public hospitals rather than the provisions governing counties.[3] See generally Health & Safety Code § 61.023 (eligibility standards for counties).

Section 61.052 of the act governs eligibility standards for public hospitals. In short, section 61.052 provides that a public hospital must adopt eligibility standards that are at least no more restrictive than the standards established by the Department of Health under section 61.006 of the act. If, in the operating year that ended before January 1, 1985, the hospital used less restrictive standards than those established by the Department of Health, the hospital must retain those standards. A public hospital may change its eligibility standards to make them more restrictive[4] only if it complies with the rather burdensome requirements of section 61.063, which provides:

> (a) A public hospital may not change its eligibility standards to make the standards more restrictive and may not reduce the health care services it offers unless it complies with the requirements of this section.

> (b) Not later than the 90th day before the date on which a change would take effect, the public hospital must publish notice of the proposed change in a newspaper of general circulation in the hospital's service area and set a date for a public hearing on the change. The published notice must include

---

3. The services a public hospital is required to provide are not the same as the services a county is required to provide. See Health & Safety Code §§ 61.028, 61.054.

4. When all the provisions of the Indigent Health Care and Treatment Act are read together, it is evident that a public hospital cannot use the procedures set out in section 61.063 to make its standards more restrictive than those established by the Department of Health. See, e.g., Health & Safety Code § 61.052(e) (providing that if the Department of Health makes its eligibility standards less restrictive, the public hospital must change its standards to at least comply with the department's standards).

the date, time, and place of the public meeting. The notice is in addition to the notice required by the open meetings law, Chapter 271, Acts of the 60th Legislature, Regular Session, 1967 (Article 6252-17, Vernon's Texas Civil Statutes).

(c) Not later than the 30th day before the date on which the change would take effect, the public hospital must conduct a public meeting to discuss the change. The meeting must be held at a convenient time in a convenient location in the hospital's service area. Members of the public may testify at the meeting.

(d) If, based on the public testimony and on other relevant information, the governing body of the hospital finds that the change would not have a detrimental effect on access to health care for the residents the hospital serves, the hospital may adopt the change. That finding must be formally adopted.

Health & Safety Code § 61.063.

A county that closes its public hospital is subject to the following provision:

Sec. 61.064. TRANSFER OF A PUBLIC HOSPITAL. (a) A governmental entity that owns, operates, or leases a public hospital and that closes, sells or leases the hospital:

(1) has the obligation to provide mandatory health care assistance under this chapter;

(2) shall adopt the eligibility standards that the hospital was or would have been required to adopt; and

(3) shall provide the same services the hospital was or would have been required to provide under this chapter on the date of the closing, sale, or lease.

Health & Safety Code § 61.064.

Your question is whether a county that has closed its public hospital and is thus subject to section 61.064 may avail itself of the provisions of section 61.063 to make its eligibility standards more restrictive. Your question requires us to determine the combined effect of section 61.063 and section 61.064. Section 61.064 requires a county that closes its hospital to adopt the eligibility standards that the county hospital would have been required to adopt. We interpret that language to mean that a county that closes its hospital will continue to be governed by the eligibility requirements applicable to public hospitals rather than the requirements applicable to counties. We do not interpret it to mean that a county that closes its county hospital must adopt eligibility standards that are fixed for all time. Because section 61.063 is a provision governing eligibility standards for public hospitals, a county that has closed its county hospital may avail itself of the provisions of section 61.063.[5]

### S U M M A R Y

A county that closes its county hospital may avail itself of the provisions of section 61.063 of the Indigent Health Care and Treatment Act, Health and Safety Code, chapter 61.

Very truly yours,

**J I M   M A T T O X**
Attorney General of Texas

---

5.   Although you ask about making eligibility standards more restrictive, we note that a public hospital may make its eligibility standards less restrictive at any time. Health & Safety Code § 61.052(d). Section 61.063 applies only when a public hospital wishes to make its eligibility standards more restrictive.

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

*JUDGE ZOLLIE STEAKLEY*
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General